IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GARY MARTINEZ, MICHELLE
SAMANTHA MARTINEZ, JAM1,
JAM2, JAM3, who are minor children,**

      **Plaintiffs,**

vs.                                                                                                Civ. No. 20-1284 JCH/JFR

**ALLISON CONNER and USAA
CASUALTY INSURANCE COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      This case is before the Court on the Plaintiffs' motion to remand [Doc. 5] the case to New Mexico state district court, as well as Defendant USAA Casualty Insurance Company's ("USAA-CIC") motion to dismiss the complaint for failure to state a claim [Doc. 7]. Both motions are fully briefed. [*See* Docs. 12, 13, 17 and 19]. After reviewing the briefs, the evidence, and the law, the Court concludes that because the case was initially removable at the time it was filed, the one year bar to removal does not apply, and therefore the motion to remand should be denied. In addition, the motion to dismiss for failure to state a claim should be denied because Plaintiffs, who have a judgment against Conner, have a right under New Mexico law to ask for a declaratory judgment as to whether Defendant Allison Conner ("Conner") is covered by the USAA-CIC's homeowner's insurance policy.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this personal injury case has been removed to federal court. The first was on November 26, 2018, when Defendants Kenneth and Sara Draim ("the Draims") removed the case based on diversity jurisdiction. Both citizens of another state, the Draims had been sued by the Plaintiffs, New Mexico residents who alleged that Gary Martinez was injured at a New Mexico home owned by the Draims when he slipped and fell on dog excrement. The Plaintiffs asserted that the Draims had negligently left the excrement uncleaned on the floor, creating an unreasonably dangerous condition on the property. On October 22, 2018, Plaintiffs' counsel informed defense counsel that his client had "in excess of $65K in meds and more than two years of lost wages," and therefore he could not agree to cap damages at $75,000. Thus, on that date the Draims were on notice that the requirements for diversity jurisdiction were met. However, the Draims did not remove until November 26, and the federal Court remanded the case for untimely removal. *Martinez v. Draim*, 18cv1098 JAP/KBM, 2018 WL 6788519 (D.N.M. Dec. 26, 2018) (unpublished) (Parker, J.).

From there, litigation continued in state court. The Draims asserted that the dangerous condition was the fault of their tenant, Allison Conner, who was renting the premises from the Draims and owned the dog responsible for the mess. On November 19, 2019, Plaintiffs filed an amended complaint adding Conner as a defendant. Eventually, the Plaintiffs settled with the Draims for $200,000, which was paid on their behalf by USAA-CIC out of their $300,000 homeowner's insurance policy limits. In the meantime, the Plaintiffs had twice served Conner with the amended complaint, but she failed to answer, and on June 4, 2020, the state district court entered a default judgment against her. After an evidentiary hearing on damages, on October 7, 2020, the state court entered a final judgment against Conner for $300,656.90 plus interest.

During the course of the litigation, USAA-CIC has provided counsel to defend its named insureds, the Draims, but it did not do so for Conner. Plaintiffs allege that USAA-CIC's policy extends coverage to Conner for the incident in question. As a result, the state court granted Plaintiffs' request to amend their complaint again, this time to add a claim for declaratory judgment against USAA-CIC. According to that pleading—which was filed on November 2, 2020 and served on November 10, 2020—Plaintiffs ask the Court to declare not only that Conner was covered under the Draims' homeowner's insurance policy, but also that USAA-CIC had: (1) actual knowledge of the claims against Conner and the likelihood of a judgment against her, (2) the duty to defend Conner, and (3) breached that duty. They also ask for a monetary award of $300,656.90, the full amount of the judgment against Conner, which is in excess of the remaining policy limits.

On December 10, 2020, USAA-CIC removed the case to this Court. In its Notice of Removal [Doc. 1], USAA-CIC asserts that this Court has diversity jurisdiction over the case and that removal was timely because it occurred within 30 days of its receipt of the initial pleading setting forth Plaintiffs' claims against it. Plaintiffs have moved to remand, arguing that removal is untimely because it took place more than one year after commencement of the case.

## LEGAL STANDARD

### I. Removal of Cases

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because the federal courts are courts of limited jurisdiction, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as

limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). *See also Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."). The removing defendant, in this case USAA-CIC, bears the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ( "[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'").

Section 1446 of Title 28 of the United States Code governs the procedure for removal. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). Section 1446(b)(1) addresses the timing of removal:

> **(b) Requirements; generally**.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). However, in such a case the right to remove is capped at one year. Section 1446(c)(1) provides:

> **(c) Requirements; removal based on diversity of citizenship**.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

To summarize, Section 1446(b)(1) provides that if an initial pleading sets forth a removable claim, a defendant must remove the case to federal court within 30 days of service. However, if the case is not originally removable, but it later becomes removable, a defendant must remove the case within 30 days of being put on notice that the case has become removable. *See id*. § 1446(b)(3). Section 1446(c)(1) contains a further limitation on removing those cases in which the initial state court lawsuit was not removable: such a case may not be removed more than one year after the commencement of the state court lawsuit unless the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." *Id*. § 1446(c)(1).

II.     **Motion to Dismiss**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The sufficiency of a complaint is a question of law, and when considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw

all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Further, to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed. *Iqbal*, 556 U.S. at 680.

## **DISCUSSION**

### **I.    Removal**

USAA-CIC removed this case based on diversity jurisdiction, alleging that Plaintiffs are from New Mexico, while Conner and USAA-CIC are both citizens of Texas. Further, the face of the complaint shows that Plaintiffs seek to recover over $300,000, thereby satisfying the jurisdictional amount. However, it is beyond dispute that USAA-CIC's December 10, 2020 removal was filed more than one year after September of 2018, when Plaintiffs filed and served their original Complaint. The question is whether § 1446(c)(1) bars that removal.

USAA-CIC argues that the time for removal under both § 1446(b)(1) and (c)(1) did not begin to run until November 2, 2020, when USAA-CIC was joined as a party to the case. USAA-CIC does not argue that Plaintiffs acted in bad faith. Rather, it argues that it properly removed the

case within 30 days of service of Plaintiffs' complaint against it, and that the one-year bar does not apply. Plaintiffs, on the other hand, argue that when they amended their complaint to add USAA-CIC, it was "the same quest for relief for the same injury as the Original Complaint." According to Plaintiffs, because their amended complaint is merely a continuation of the same case and controversy as their original complaint, the one-year bar prevents removal.

Importantly, the one-year bar in Section 1446(c)(1) does not apply to cases that were initially removable from state court. Several Circuit Courts of Appeals to reach the issue have so held. *See, e.g., Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (holding one-year limitation for removal of diversity cases applies only to state court cases that are not initially removable); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) (same); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (same); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-17 (9th Cir. 1998) (same). The Seventh Circuit has explained the reasons for this conclusion by looking at the legislative history and the structure of the removal statute:

> Congress has amended the statute to place a one-year limit on removal of diversity cases in situations where a case is not initially removable but becomes removable at a later stage in the proceedings. The accompanying House Report states:
>
> > Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction.

*Rothner v. City of Chicago*, 879 F.2d 1402, 1418 (7th Cir. 1989) (quoting H.R. Rep. No. 100-889 at 72, U.S. Code Cong. & Admin. News 1988, pp. 6032, 6033). *See also Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007) ("The clause containing the one-year bar is part of the paragraph specifically addressing the time limits for cases that are not initially removable; its

placement in this paragraph indicates that it modifies only the immediately preceding language in the same paragraph, not the more general time limitation contained in the preceding paragraph."). Thus, it appears the weight of circuit authority holds that when a case is removable from its inception, the one-year time limit for removal does not apply. Similarly, district courts within the Tenth Circuit, including this one, have also concluded that the one-year bar applies only in cases that were not initially removable. *See, e.g., Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253, 1258-59 (W.D. Okla. 2004); *Chidester v. Kaz, Inc.*, No. 08-CV-776-TCK-PJC, 2009 WL 2588866, *3 (N.D. Okla. Aug. 19, 2009) (unpublished) (stating that one-year out time limitation applies only in diversity cases that were not initially removable); *Gonzales v. Pennzoil Prod. Co.*, No. CIV 98-1150 JC/JHG, 1998 WL 36029855, *2 (D.N.M. Dec. 2, 1998) (unpublished).

Notably, dicta in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996), is not contrary authority. In that case, the Court stated broadly, "No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action. *Id*. (quotation omitted). The action in *Caterpillar* was not removable when originally filed. Therefore, the Supreme Court did not have the factual scenario of an initially removable case before it when it recited the statutory language that no case may be removed more than one year after commencement of the action.

Here, there is no doubt that USAA-CIC filed its notice of removal 30 days after service of Plaintiff's amended complaint (Petition for Declaratory Judgment) which named USAA-CIC as a party for the first time, and in that sense it is timely. There is also no doubt that USAA-CIC's removal took place more than one year after commencement of this action. The sole question is whether Section 1446(c)(1)'s one-year limit applies here. That, as the cases cited above have held,

8

depends on whether the case was removable at its commencement, as USAA-CIC does not assert that Plaintiffs acted in bad faith to prevent it from removing the case at an earlier time.

The record shows that this case was removable from its inception. As explained above, there was complete diversity because the parties were from different states—Plaintiffs from New Mexico, the Draims from Pennsylvania. *See Martinez v. Draim*, 18cv1098 JAP/KBM, Docs. 1 and 1-1. Due to the nature of Gary Martinez's damages, more than $75,000 was at stake. Thus, the case was removable from the outset. Indeed, the Draims did remove it, and it was remanded only because their removal was untimely. As a result, the Court concludes that the one-year time limit on removal set forth in § 1446(c)(1) does not apply. The motion to remand will be denied.

**II.      Dismissal for Failure to State a Claim**

Plaintiffs contend that under the policy issued by USAA-CIC, Conner is an insured and that as a result, USAA-CIC had a duty to defend her. It appears that USAA-CIC denies that Conner, who was a renter, is an insured under its homeowner's policy. Plaintiffs ask the Court to first decide the coverage question, and then rule that USAA-CIC breached its duty to defend Conner and order it to pay the entire judgment against her, which is more than $200,000 above the remaining $100,000 policy limits.

In the motion to dismiss, USAA-CIC argues that as third parties to the contract of insurance, Plaintiffs have no standing and no right to bring a direct action against it. Plaintiffs respond that theirs is not a direct action to impose liability because Conner's liability has already been determined. Rather, Plaintiffs argue that this is "an action to collect on a Default Judgment," and that the declaratory judgment they seek regarding coverage is the required first step before they can collect on Conner's judgment debt through garnishment of any proceeds available under the policy.

It is undisputed that the insurance contract was made between USAA-CIC as insurer and the Draims as the named insureds and property owners. The question raised by Plaintiff's declaratory judgment action is whether the insurance policy also covers Conner, who as a renter on the property is not a named insured. According to USAA-CIC, because Plaintiffs are not parties to the contract, they cannot ask for a declaration as to whether the policy covers Conner, a tortfeasor against whom they have already obtained a judgment.

USAA-CIC points to the New Mexico Supreme Court's decision in *Raskob v. Sanchez*, 1998-NMSC-045, 970 P.2d 580 (N.M. 1998), a car accident case in which an injured plaintiff sued both the tortfeasor and the tortfeasor's liability insurer for damages arising out of an automobile accident. *See id.* at ¶ 1, 970 P.2d at 580. The question in *Raskob* was not one of coverage, but rather whether a plaintiff can make a direct claim against the tortfeasor's insurer for liability. New Mexico Supreme Court acknowledged that "[t]he general rule is that there is no privity between an injured party and the insurer of the negligent defendant in the absence of a contractual provision or statute or ordinance to the contrary; therefore, the injured party has no claim directly against the insurance company." *Id.* at ¶ 3; 970 P.2d at 581 (citation omitted). However, the *Raskob* court went on to carve out an exception to this general rule for insurers of negligent motorists, who are required to carry insurance under New Mexico's Mandatory Financial Responsibility Act. The court explained that "'an insurance policy procured by force of legislative enactment inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, unless the statute or ordinance in its terms negatives the idea of such joinder.'" *Id.* (quoting *Breeden v. Wilson*, 273 P.2d 376, 380 (N.M. 1954)). The court concluded that the Mandatory Financial Responsibility Act contains no language negating joinder of an insurer as a party defendant, and therefore held that

the insurer was a proper party to the suit. *See id*. at ¶ 7, 970 P.2d at 582. In support of its argument, USAA-CIC relies on another direct action case descended from *Raskob*. In *Little v. Gill*, 2003-NMCA-103, 76 P.3d 639 (N.M. App. 2003), the court held that an injured party cannot maintain a direct action against a tortfeasor's insurer without the presence of the tortfeasor or the tortfeasor's successor or representative in the litigation).

However, *Raskob* and *Little* are distinguishable in that those were cases in which the injured plaintiff sued the tortfeasor's insurance company directly in a lawsuit to determine its insured's liability. *See also Rhodes v. Lucero*, 1968-NMSC-137, ¶ 4, 444 P.2d 588 (N.M. 1968), (holding that dismissal of a declaratory action was not error when there was no "justiciable controversy" because plaintiffs "h[eld] no judgment against [the] defendant ... [,] their rights of recovery against him [were] contingent [,]" and neither the insurance policy nor statute authorized the suit). That is not the case here. In this case, the Plaintiffs already have a judgment against the tortfeasor. The state court has entered judgment against Conner, so her liability to Plaintiffs is not contingent, but has been determined. Therefore, this is a declaratory judgment action to determine coverage—a real and justiciable controversy between the parties.

This case is very similar to *Threadgill v. United States Auto. Ass'n Cas. Ins. Co*., 2013 WL 12058061 (D.N.M. July 10, 2013) (unpublished). The plaintiffs' decedent, Threadgill, was working as a bouncer at a strip club when he was shot and killed by Hancock. Witnesses saw Threadgill accompany Hancock to his car in the parking lot, and then saw Hancock retrieve a gun from his car and use it to shoot Threadgill. At the time of the incident, Hancock was living with his mother, Bosna. USAA-CIC had issued a homeowner's insurance policy to Bosna, and Garrison Property and Casualty Insurance Company had issued an auto insurance policy to Hancock. The plaintiffs filed two lawsuits in state court—one against Hancock for wrongful death, and one

declaratory judgment action against the two insurers asking the court to determine coverage. Just like in this case, the insurance companies in *Threadgill* removed the declaratory judgment action to this court and then moved to dismiss it. USAA-CIC and Garrison made the same argument that USAA-CIC makes here: "that Plaintiffs lack standing to bring a third-party action against them." *Id*. at *3. However, the court disagreed, reasoning that New Mexico law allows such a claim. The court cited the New Mexico Declaratory Judgment Act, "which provides for a cause of action in cases of actual controversy to declare rights, status, and other legal relations." *Id*. The statute provides:

> In cases of actual controversy, district courts within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect and shall have the force and effect of a final judgment or decree.

N.M. Stat. Ann. 1978, § 44-6-2 (1975). New Mexico law further provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." *Id*. § 44-6-14. New Mexico courts have held that a named insured is indispensable in any declaratory judgment action between the insurer, named insured, and an injured third party. *See Home Fire & Marine Ins. Co. v. Schultz*, 1969-NMSC-113, ¶ 6, 80 N.M. 517, 519. The New Mexico Court of Appeals has extended *Schultz* to hold that—in addition to the named insured— any known third-party claimants are required parties in a declaratory judgment action instituted by the insurer to deny coverage. *Gallegos v. Nev. Gen. Ins. Co*., 2011-NMCA-004, ¶¶ 11-12, 149 N.M. at 366). "This means that any person or entity with an existing or potential interest in the outcome of the action must be named." *Threadgill*, 2013 WL 12058061 at *3 (quoting *Gallegos*

at ¶ 9, 149 N.M. 364, 366, 248 P.3d 912, 914 (Ct. App. 2010) (internal quotation and citation omitted)). Because the plaintiffs in *Threadgill* had an interest in litigating the question of whether the insurance policies issued by USAA-CIC and Garrison covered Hancock's actions, the court denied the motion to dismiss.

The same is true in this case. This is not a direct action against USAA-CIC to determine the liability of its putative insured. Conner's liability has already been established through a default judgment. Thus, Plaintiff's claims do not run afoul of the general rule against direct tort actions by third parties against insurers because this is not such an action. Rather, this is a declaratory judgment claim requesting a determination of whether USAA-CIC's homeowner's policy provides Conner with coverage, and if so, whether USAA-CIC breached its duty to defend. Consistent with the New Mexico Declaratory Judgment Act, *Gallegos*, and *Threadgill*, the Court concludes that as the injured (and therefore interested) third parties, the Plaintiffs are entitled to bring a declaratory judgment action to determine whether Conner is covered by the policy. The motion to dismiss should be denied.

As for the claim that USAA-CIC breached its duty to defend Conner, that claim cannot accrue until and unless there is a declaration that Conner is covered by the policy. If she is covered, then she has both a right to the remaining policy limits of $100,000 and the right to assert a claim against USAA-CIC for failure to defend. Both the remaining policy proceeds and the right to pursue a claim breach of the duty to defend would be part of her estate as the judgment debtor. Through garnishment, Plaintiffs could ask not only for the $100,000 in policy proceeds, but also pursue Conner's potential claim for breach of the duty to defend. *See Central Sec. & Alarm Co. v. Mehler*, 1998-NMCA-096 at ¶ 19, 963 P.2d 515, 520 (N.M. App. 1998) ("A garnishee simply has

the duty to deliver all of the debtor's assets it holds as they exist to satisfy a garnishor's money judgment. . . . A 'chose in action' is a debt owed to a debtor or a right of action of a debtor.").

The Court cannot, and need not, determine at this stage the merits of either the coverage issue or the duty to defend claim. Plaintiffs have pled "enough facts to state a claim to relief that is plausible on its face." Therefore, the motion to dismiss will be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Remand* [Doc. 5] is **DENIED**, and Defendant USAA Casualty Insurance Company's *Motion to Dismiss* [Doc. 7] is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE